IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br> v.<br><br>**2-GERMAN ARCE-SEDA**<br>Defendant. | Criminal  **CR. NO. 17-558 (CCC)** |

### DEFENDANT'S SENTENCING MEMORANDUM

**TO THE HONORABLE JUDGE CARMEN CONSUELO CEREZO
JUDGE OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO:**

### I.    INTRODUCTION

**NOW COMES** Defendant **GERMAN ARCE-SEDA,** through the undersigned Counsel, and respectfully files the following Sentencing Memorandum setting forth all factors that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. Section 3553(a). A sentence of not more than 108 months of imprisonment, as agreed with the government, is appropriate based on the sentencing factors listed at 18 U.S.C. ' 3553 et seq.

### II. ARGUMENTS

1. **Sentencing under Booker**

In sentencing, the district courts then, following the dictates of *Booker* and its progeny, must consider guideline ranges but they are only one factor among all others. Pursuant to § 3553 (a) sentencing factors, and case law hold that Courts must "impose a  sentence 'sufficient but not greater than necessary' to achieve the goals  of sentencing." *Kimbrough,* 128 S.Ct.

1

at 570; 18 U.S.C. § 3553 (a). Thus, under Booker, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. Section 3553(a).

The primary directive in Section 3553(a) is for sentencing courts to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2. Section 3553(a)(2) states that such purposes are:

>   (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>   (B)   to afford adequate deterrence to criminal conduct;
>
>   (C)   to protect the public from further crimes of the defendant; and
>
>   (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, ' 3553(a) further directs sentencing courts to consider the following factors:

>   1) the nature and circumstances of the offense and the history and characteristics of the defendant@ (Section 3553(a)(1);
>
>   2) the kinds of sentences available@ (Section 3553(a)(3);
>
>   3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (Section 3553(a)(6); and
>
>   4) the need to provide restitution to any victims of the offense. @ (Section 3553(a)(7).

Other statutory sections also give the district court direction in sentencing. Under 18 U.S.C. Section 3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to recognize that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Under 18 U.S.C. Section 3661, "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" This statutory language certainly overrides the (now advisory) policy statements in Part **H** of the sentencing guidelines, which list as "not ordinarily relevant" to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth. See U.S.S.G. ' 5H1. See also United States v. Nellum, 2005 WL 300073, 2005 U.S. Dist. LEXIS 1568 (N.D. Ind. Feb. 3, 2005) (Simon, J.) (taking into account fact that defendant, who was 57 at sentencing, would upon his release from prison have a very low likelihood of recidivism since recidivism reduces with age; citing Report of the U.S. Sentencing Commission, Measuring Recidivism: the Criminal History Computation of the Federal Sentencing Guidelines, May 2004); United States v. Naylor, F. Supp. 2d , 2005 WL 525409, *2, 2005 U.S. Dist. LEXIS 3418 (W.D. Va. Mar. 7, 2005) (Jones, J.) (concluding that sentence below career offender guideline range was reasonable in part because of defendant's youth when he committed his predicate offenses, he was 17, and noting that in

Roper v. Simmons, 125 S. Ct. 1183, 1194-96 (2005), the Supreme Court found significant differences in moral responsibility for crime between adults and juveniles).

In sum, in every case, a sentencing court must now consider all of the Section 3553(a) factors, not just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing. And where the guidelines conflict with other sentencing factors set forth in Section 3553(a), these statutory sentencing factors should generally trump the guidelines. See United States v. Denardi, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J, concurring in part, dissenting in part) (arguing that since Section 3553(a) requires sentence be no greater than necessary to meet four purposes of sentencing, imposition of sentence greater than necessary to meet those purposes violates statute and is reversible, even if within guideline range).

## 2. Application of the Statutory Sentencing Factors to the Facts of this Case

The following factors must be considered when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

**(a). The Nature and Circumstances of the Offense:**

Mr. Arce-Seda, since the beginning of this case admitted full responsibility for not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms and committing the overacts charged with.

Charged brought against him stated that, beginning on March 8, 2017, Puerto Rico Police Department Under Cover Agents, through the co-defendant Cabrera-Torres, arranged various controlled purchases for firearms in Hato Rey with German Arce-Seda.

On July 11, 2017, Agents from the Police of Puerto Rico (POPR) Superintendencia Auxiliar de lnvestigaciones Criminales (SAIC) met with Agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Firearms Trafficking group in Puerto Rico to discuss a joint operation regarding multiple firearms trafficking suspects they had been investigating for several months.

<u>It is important to point out that, for reasons as of this moment unknown to the defendant some of the overacts committed by MR. Arce-Seda were charged in the Federal District of Puerto Rico and some were submitted in the Commonwealth of Puerto Rico.</u>

Since day one of his arrest at the Commonwealth of Puerto Rico and also later in this Federal District, the defendant accepted responsibility for his participation as stated in the Government Version of the Facts in the plea agreement, he did not submit any Pre-Trial Motion and Plead Guilty in both Jurisdiction's.

**(b) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (Section 3553(a)(6); and**

Mr. Arce-Seda has already been sentenced to 20 years of Imprisonment at the Commonwealth of Puerto Rico for Overacts and Relevant Conduct of this

5

case, since he was charged in two different Jurisdictions.

As stated in the PSR: (page 5)

**The Offense Conduct[1]**

> **According to the Reports of Investigation,** on July 11, 2017, Agents from the Police of Puerto Rico (POPR) Superintendencia Auxiliar en lnvestigaciones Criminales (SAIC) met with Agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Firearms Trafficking group in Puerto Rico to discuss a joint operation regarding multiple firearms trafficking suspects they had been investigating for several months.

If this case with all the overacts and Relevant Conduct included for the time period of the investigation had been charged in the Federal Jurisdiction, the defendant for all the overacts committed would not be sentenced for more than 10 years, instead he is going to receive a sentence of more than 24 years.

**(c) History and Characteristics of the Defendant.**

The defendant was born, on February 25, 1991 in Humacao, Puerto Rico. He is the product of the legal union between German Arce, age 53, a Mechanic, and Sofia Maria Seda, age 53, a Telephone Company employee, residents of Carolina, PR. The defendant reported having 3 siblings, to wit; two paternal sisters; Nancy Arce-Balosi, age 32, who resides in Brazil; Annette Arce-Balosi, age 30, a Baker, resident of Carolina, PR; and Germany Arce-Seda, age 30, a teacher, resident of Carolina, PR. The defendant reported having a good relationship with all members of his family.

The defendant is the father of a 11-month-old child named Dylan Arce-Rivera. He is the product of a 4-year relationship with Ms. Sarays Rivera-Sánchez, age 22. Before his arrest and for 3 years, they were cohabiting at his maternal grandmother's house.

Mr. Arce-Seda with the help of his mother, bought a house that is located next to his grandmother's house, the defendant's consensual partner and their baby, live there. Ms. Rivera used to sell frozen desserts and clothing to cover her household expenses. She receives government support through WIC program. Additionally, the defendant's family support her financially.

In 2009, Mr. Arce-Seda completed high school at Colegio Nuestra Sra. De Lourdes, Rio Piedras, later and after graduating, he enrolled in an Associate Degree in Instrumentation Engineering Technology at "lnstituto Tecnológico de Puerto Rico, he completed said degree on June 6, 2011 and at the time of his arrest, the defendant was enrolled in the Chemical Engineering Program at Universidad Metropolitana, Cupey, PR. Were he was a year away to graduate.

**3. The Kinds of Sentences Available**

    **(a) The Plea Agreement.**

The Defendant entered into a written plea agreement with the United States pursuant to Rule 11 (c) (1) (A) and (B) of the Federal Rules of Criminal Procedures. The plea agreement establishes an initial base offense level (BOL) of 18 under Section 2K2.1 (a)(5) of the Guidelines, Since the offense involved 3 firearms, to wit; a two (2) point level increase is warranted. USSG §2K2.1(b)(1)(A) and Since the defendant engaged in the trafficking of firearms, a four (4) level increase is warranted. USSG 2K2.1 (b)(5).

Finally, the parties agreed on a three (3) levels reduction for acceptance of responsibility in accordance with USSG Section 3E1.1(a) and (b) thereby establishing a total offense level of twenty-one (21).

**(b) The Sentencing Range Established by the Sentencing Commission.**

The Presentence Investigation Report concluded that Mr. Arce-Seda total history point is zero (0) which establishes a criminal History category of I.

A total offense level of 21 with a criminal history category of I yields a guideline range of imprisonment of 37-46 months.

Mr. Arce-Seda submits that a sentence of not more than 37 months, adequately reflects the factors established in Section 3553 (a)(2), that is, it reflects the seriousness of the offense and promotes respect for the law; it provides just punishment for the offense to afford adequate deterrence to criminal conduct; it protects the public from further crimes of the defendant; and it provides Arce-Seda with needed educational or vocational training, medical care, and other correctional treatment that have been absent through his life in the most effective manner.

Moreover, this Honorable Court should take Judicial Notice that Mr. Arce-Seda was already sentenced to 20 years of Imprisonment at the Commonwealth of Puerto Rico for Overacts and Relevant Conduct of this case, since he was charged in two different Jurisdictions and order this sentence to run concurrently with the one of the Commonwealth of Puerto Rico.

**CONCLUSION**

For the foregoing reasons, Mr. Arce-Seda respectfully submits that he be

sentenced pursuant to the terms of the plea agreement, that is, to a term of imprisonment of 37 months of incarceration, which sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S. Code Section 3553(a). And that since the overacts of the cases at the Commonwealth of Puerto Rico are Relevant Conduct of this case, this sentenced should run concurrently with the one he will be serving at the Commonwealth of Puerto Rico.

In San Juan, Puerto Rico, this 11th, day of December 2018.

*S/Edwin E. León-León*
Edwin E. León León
Attorney for Defendant (2)
German Arce-Seda
USDC-PR # 218206
Tel. 787-661-2200
Fax 787-919-0656
eleonleon@hotmail. com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and exact copy of this document been on this same date filed through the Clerk of Court's electronic filing system which would electronically send copy of this document to all interested parties / attorneys.

*S/Edwin E. León-León*
Edwin E. León León